## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREA L. BRIGGS and** | : |
| **ROBERT C. BRIGGS, her** | : |
| **husband,** | : |
| **Plaintiffs,** | : |
| | : **JURY TRIAL DEMANDED** |
| **v.** | : |
| | : **(JUDGE _____)** |
| **MACY'S, INC., MACY'S** | : |
| **RETAIL HOLDINGS, INC., and** | : |
| **JAY REESE,** | : |
| **Defendants.** | : **No.:** |

## COMPLAINT

Plaintiffs Andrea L. Briggs ("Mrs. Briggs") and Robert C. Briggs ("Mr. Briggs")(collectively, "Plaintiffs") hereby complain against Defendants Macy's, Inc., Macy's Retail Holdings, Inc.[1] and Jay Reese ("Mr. Reese")(collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981(a), the Civil Rights Act of 1871, 42 U.S.C. § 1985, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq., the Pennsylvania Equal Rights Amendment, Article I, § 28, and other state and common law theories of recovery, to redress, inter alia, acts of sexual harassment, sexual discrimination, hostile work environment, facilitation of sexual harassment, facilitation of sexual discrimination and retaliation for opposing sexual harassment. Plaintiffs allege

---

[1]     Macy's., Inc. and Macy's Retail Holdings, Inc. are referred to collectively as "Macy's".

as follows:

## PARTIES

1.   Mrs. Briggs is an adult individual domiciled at 34 Waterman Drive Mountain Top, Pennsylvania 18707.

2.   Mr. Briggs is an adult individual domiciled at 34 Waterman Drive Mountain Top, Pennsylvania 18707.

3.   Macy's, Inc. is a Delaware corporation with its principal place of business at 7 West Seventh Street Cincinnati, Ohio.

4.   Macy's Retail Holdings, Inc. is a New York corporation with its principal place of business at 7 West Seventh Street Cincinnati, Ohio.

5.   Mr. Reese is an adult individual domiciled at 12 End Sleigh Place, Robbinsville, New Jersey.

6.   At all times material hereto, Mr. Reese was Macy's Manager of Macy's Wyoming Valley Mall store in Wilkes-Barre Township, Pennsylvania ("Mrs. Briggs' workplace").

7.   At all times material hereto, a respondeat superior relationship existed between Macy's and Mr. Reese.

8.   At all times material hereto, Macy's was acting through its agents, servants and employees -- including, but not limited to Mr. Reese -- all of whom were acting within the scope of their authority, course of employment and under

2

the direct control of Macy's.

## JURISDICTION AND VENUE

9.      Plaintiffs incorporate the preceding paragraphs as if set forth at length.

10.     The jurisdiction and venue of this Court is proper pursuant to Article III, Section 1 of the United States Constitution and 28 U.S.C. §§ 1331 and 1391 as Plaintiffs' claims are substantively based upon Title VII.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11.     Plaintiffs also invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) and pendant and ancillary claim jurisdiction over the state law claims raised herein.

## PROCEDURAL REQUIREMENTS
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

13.     On January 26, 2015, within 180 days of at least one of the acts of which she complains, Mrs. Briggs filed charges of sexual harassment, hostile work environment and employment discrimination and retaliation with the Pennsylvania Human Relations Commission ("PHRC") and dual filed with the Equal Employment Opportunity Commission ("EEOC")

3

against defendants.

14.    On February 18, 2016, Plaintiffs received a notice of right to sue from the PHRC.

15.    On April 25, 2016, Plaintiffs received a notice of right to sue from the EEOC.

16.    Plaintiffs have filed this complaint within 90 days of the receipt of the notices from the PHRC and the EEOC.

## FACTUAL ALLEGATIONS

17.    Plaintiffs incorporate the preceding paragraphs as if set forth at length.

18.    Mrs. Briggs, a female individual, was employed by Macy's from on or about March 6, 2000 until July 29, 2014.

19.    Specifically, Mrs. Briggs held the position of Visual Manager with Macy's and, at all times relevant hereto, Mrs. Briggs maintained a satisfactory job performance rating with Macy's.

20.    Mrs. Briggs was highly qualified for the Visual Manager position and, during the entire course of her employment in that position, Mrs. Briggs fully and competently performed her duties and responsibilities.

4

21.     At all times material hereto, Mrs. Briggs was subjected to inappropriate and sexually harassing comments and actions directed at Mrs. Briggs because of her gender including, but not limited to, the following:

    (a)    Mr. Reese repeatedly invited Mrs. Briggs to dine and have cocktails with him;

    (b)    Mr. Reese repeatedly followed Mrs. Briggs around Mrs. Briggs' place of employment;

    (c)    Mr. Reese repeatedly stared at Mrs. Briggs;

    (d)    Mr. Reese repeatedly made comments about Mrs. Briggs' physical appearance and attire;

    (e)    Mr. Reese repeatedly asked Mrs. Briggs if Mr. Briggs was out of town; and

    (f)    Mr. Reese stalked Mrs. Briggs' by driving by Mrs. Briggs' residence.

22.     More specifically, Macy's store manager, Mr. Reese, repeatedly subjected Mrs. Briggs to unwanted sexual comments and advances.

23.     Additionally, Mr. Reese took unwanted and intrusive photographs of Mrs. Briggs while Mrs. Briggs was performing her duties for Macy's.

24.     Additionally, Defendants' actions and omissions subjected Mrs. Briggs to a hostile work environment due to the severe and pervasive incidents of sexual harassment and, thereafter, when Mrs. Briggs complained of the harassment and hostility, Defendants retaliated against Mrs. Briggs.

25.     Prior to July 29, 2014, Mrs. Briggs vehemently opposed Mr. Reese's unwanted sexual comments and advances.

26.     Mrs. Briggs registered complaints of sexual harassment with Macy's regarding inappropriate sexual comments and behavior directed upon Mrs. Briggs by Mr. Reese ("Mrs. Briggs' complaints").

27.     Notwithstanding Mrs. Briggs' complaints, Macy's failed to conduct an investigation and failed to take corrective action or disciplining Mr. Reese to ensure that Mr. Reese would not engage in such sexually offensive conduct in the future.

28.     As a result of Macy's failure to take remedial action in response to Mrs. Briggs' complaint(s), Mr. Reese continued subjecting Mrs. Briggs to sexually offensive, harassing and discriminatory conduct.

29.     The actions and omissions of Mr. Reese and Macy's resulted in a hostile and unsafe working environment for Mrs. Briggs at Mrs. Briggs' workplace.

30.     Mr. Reese's sexually harassing and sexually violative and offensive behavior was repeatedly witnessed by Mrs. Briggs' co-workers.

31.     Additionally, Mr. Reese's harassing and sexually violative and offensive behavior was repeatedly witnessed by Mr. Reese's peers and superiors, all of whom chose to ignore Mr. Reese's behavior and Mrs. Briggs' protestations

6

1 of 23

to the sexually offensive, discriminatory and harassing conduct and environment.

32.     Instead, Macy's, its employees, agents and representatives --
including Mr. Reese -- turned a "blind eye" to the situation and failed to engage in
any remedial action.

33.     Subsequent to registering her complaints against Mr. Reese and her
rebuke of Mr. Reese's advances, Mrs. Briggs was subjected to retaliation as a
result of her stated opposition to the unlawful, sexually harassing and gender
discrimination in Mrs. Briggs' workplace.

34.     As a pretext for Defendants' retaliation against Mrs. Briggs, Macy's
terminated Mrs. Briggs' employment with Macy's for alleged violations of Macy's
policies.

35.     In addition, Macy's did not enforce its policies in a uniform manner
and treated similarly situated employees who did not complain about sexual
harassment more favorably.

36.     As a direct and proximate result of Defendants' acts and omissions,
Mrs. Briggs has suffered embarrassment, humiliation, anxiety, emotional distress
and other physical injuries.

37.     Furthermore, as a result of the aforesaid sexually harassing and
retaliatory conduct, Macy's and Mr. Reese created a hostile work environment
designed to interfere with Mrs. Briggs' employment and designed, in fact, to

victimize Mrs. Briggs because of her stated opposition to Defendants' illegal, sexually offensive, harassing and discriminatory conduct.

### COUNT I -- MRS. BRIGGS v. MACY'S AND MR. REESE
### TITLE VII -- SEXUAL HARASSMENT

38.    Plaintiffs incorporate the preceding paragraphs as if set forth at length.

39.    Section 704(a) of Title VII states that is unlawful for an employer:

> to discriminate against any of his employees or applicants
> ... because [the employee or applicant] has opposed
> any practice made an unlawful employment practice
> by [Title VII], or because he has made a charge, testified,
> assisted, or participated in any manner in an investigation,
> proceeding, or hearing under [Title VII].

40.    As a female, Mrs. Briggs is a member of a protected class.

41.    At all times material hereto, Mrs. Briggs was highly qualified for the Visual Manager position with Macy's.

42.    The termination of Mrs. Briggs' employment by Macy's is an adverse employment action.

43.    The circumstances of the termination of Mrs. Briggs' employment by Macy's gives rise to an inference of discrimination.

44.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse

employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

45.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

46.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs in the past and will in the future be required to incur other costs.

47.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

48.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's.

49.    Defendants' actions and omissions were intentional, willful and wanton, and were done with reckless disregard to Mrs. Briggs' federally protected rights and with reckless disregard as to cause harm to Mrs. Briggs.

50.    Defendants' acts and omissions would detrimentally affect a reasonable person of the same gender as Mrs. Briggs.

51.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT II -- MRS. BRIGGS v. MACY'S AND MR. REESE
### TITLE VII -- HOSTILE WORK ENVIRONMENT

52.   Plaintiffs incorporate the preceding paragraphs as if set forth at length.

53.   Defendants' acts and omissions and the acts and omissions of Defendants' agents, officers and employees created a hostile environment which adversely and detrimentally affected Mrs. Briggs and her ability to perform her duties.

54.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Briggs with respect to the conditions and emoluments of her employment on the basis of sex in violation of 42 U.S.C. §§ 2000e et seq.

55.   Defendants' acts and omissions were pervasive and regular.

56.   As a direct and proximate result of Defendants' previously stated acts and

10

omissions, Mrs. Briggs has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

57.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

58.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

59.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

60.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's and created an abusive working environment.

61.    Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Briggs' federally protected rights and to harm Mrs. Briggs.

62.    Defendants' acts and omissions would detrimentally affect a reasonable person of the same gender as Mrs. Briggs.

63.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT III -- MRS. BRIGGS v. MACY'S AND MR. REESE
## TITLE VII -- RETAILIATION

64.    Plaintiffs incorporate the preceding paragraphs as if set forth at length.

65.    Mrs. Briggs repeatedly complained about the sexually offensive and harassing conduct of Mr. Reese and informed Macy's that it created a hostile work environment.

66.    Macy's not only ignored the complaints, it also embarked upon an unwarranted effort to justify its conduct by fabricating reports of deficiencies in Mrs. Briggs' performance.

67. Defendants, by and through their agents, officers and employees have retaliated against Mrs. Briggs for her complaints about the sexually hostile environment and Defendants' sexually harassing conduct in violation of 42 U.S.C. §§ 2000e et. seq.

68. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

69. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

70. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

71. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

72. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of

Mrs. Briggs' employment with Macy's

73.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT IV -- MRS. BRIGGS v. MACY'S AND MR. REESE
### HOSTILE WORK ENVIRONMENT, SEX/GENDER HARASSMENT
### (Section 5(a) of the Pennsylvania Human Relations Act)

74.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

75.     Section 5(a) of the PHRA prohibits harassing, discriminating against and creating a hostile work environment for an individual based upon their sex. See 43 P.S. §§ 951 - 963.

76.     Defendants' acts and omissions have subjected Mrs. Briggs to sexual harassment and a hostile working environment.

77.     Defendants' acts and omissions have aided and abetted Defendants' unlawful conduct.

14

78.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

79.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

80.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

81.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

82.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's.

83.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and

any other remedies allowed by law.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT V -- MRS. BRIGGS v. MACY'S AND MR. REESE
### PHRA, 43 P.S. § 951 et seq.
### RETALIATION

#### (Section 5(d) of the Pennsylvania Human Relations Act)

84.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

85.     Section 5(d) of the PHRA prohibits discriminating and retaliating against an individual based upon complaints of discrimination based upon their sex. See 43 P.S. §§ 951 - 963.

86.     Defendants' acts and omissions have subjected Mrs. Briggs to sexual harassment and a hostile working environment and retaliated against her for making complaints thereof.

87.     Defendants' acts and omissions have aided and abetted Defendants in their retaliation against Mrs. Briggs.

88.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse

16

employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

89.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

90.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

91.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

92.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's.

93.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

17

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT VI -- MRS. BRIGGS v. MACY'S AND MR. REESE
### 42 U.S.C. § 1985(3)

94.    Plaintiffs incorporate the preceding paragraphs as if set forth at length.

95.    Defendants conspired, directly or indirectly, to deprive Plaintiffs of rights and privileges granted by law and equal protection of the laws, including Title VII of the Civil Rights Act of 1964, as amended.

96.    Defendants' previously stated acts and omissions were motivated by class-based discriminatory animus designed to deprive Mrs. Briggs, directly or indirectly, of equal protection of the law.

97.    Defendants' previously stated acts and omissions were in furtherance of their conspiracy to deprive Mrs. Briggs, directly or indirectly, of equal protection of the law.

98.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

99.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

100.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

101.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

102.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's.

103.   As a direct and proximate result of Defendants' previously stated acts and omissions, Plaintiffs are entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT VII -- MRS. BRIGGS v. MACY'S AND MR. REESE
### WRONGFUL TERMINATION

104.   Plaintiffs incorporate the preceding paragraphs as if set forth at length.

105.   Macy's wrongfully terminated Mrs. Briggs' employment with Macy's.

106.   Macy's wrongful termination of Mrs. Briggs violated clearly established public policy.

107.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

108.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

109.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs has in the past and will in the future be required to incur other costs.

110.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs suffered intentional discrimination because of her gender.

111.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Briggs' employment with Macy's

112.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Briggs is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT VIII -- MR. BRIGGS v. MACY'S AND MR. REESE
## LOSS OF CONSORTIUM

113.   Plaintiffs incorporate the preceding paragraphs as if set forth at length.

114.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mr. Briggs has suffered the loss of services, society, companionship and consortium of his wife, Mrs. Briggs, and will continue to suffer such losses for an indefinite period of time into the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)   Enter a declaratory judgment that Defendants' conduct was illegal under federal law and state law;

(b)   Enter an injunction reinstating Mrs. Briggs to her employment and prohibiting Defendants from engaging in future retaliatory conduct against Plaintiffs;

(c)   Award Plaintiffs compensatory damages including, inter alia, monetary compensation for Plaintiffs' lost wages, lost benefits, and emotional pain and suffering;

(d)   Award Plaintiffs punitive damages against Defendants;

(e)     Award Plaintiffs all litigation costs, expenses, and attorney's fees recoverable under federal and state law, including, <u>inter alia</u>, 42 U.S.C. § 1988; and

(f)     Award such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

For all issues so triable, Plaintiffs demand a trial by jury.

Respectfully submitted,

s/ John G. Dean
John G. Dean
Mark W. Bufalino
Elliott Greenleaf
39 Public Square-Suite 1000
Wilkes-Barre, Pa. 18701
(570) 371-5290
Counsel for Plaintiffs Andrea Briggs and Robert Briggs

DATED: May 17, 2016