# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ANDREA L. BRIGGS and :
ROBERT C. BRIGGS,
 :
    Plaintiffs            CIVIL ACTION NO. 3:16-0902
 :
    v.                     (JUDGE MANNION)
 :
MACY'S INC., MACY'S RETAIL
HOLDING, INC., and JAY REESE, :

    Defendants      :

## MEMORANDUM

Before the court is a motion to compel arbitration, (Doc. 5), filed by defendants Macy's, Inc., Macy's Retail Holdings, Inc. (collectively, "Macy's "), and Jay Reese. The defendants' motion was filed in response to the complaint filed by plaintiffs Andrea L. Briggs and her husband, Robert C. Briggs. (Doc. 1). The defendants' motion to compel arbitration is **DENIED** at this time to allow the parties to engage in limited discovery. The defendants may file a renewed motion pursuant to Federal Rule of Civil Procedure 56 after the completion of discovery.

Mrs. Briggs was employed by Macy's from March 6, 2000 until July 29, 2014 as a visual manager.[1] She was employed at the company's Wyoming Valley Mall store in Wilkes-Barre Township, Pennsylvania. Defendant Jay

---

[1] The facts are derived from the plaintiff's complaint and are taken as true for present purposes.

Reese was a store manager at that location. While employed by Macy's, Mrs. Briggs was subjected to sexually inappropriate comments and actions by Mr. Reese, including, but not limited to, Mr. Reese stalking Mrs. Briggs, following her around the workplace, staring at Mrs. Briggs, and taking pictures of her. All of these actions were unwelcome by Mrs. Briggs.

Mrs. Briggs complained about Mr. Reese's comments and actions to Macy's. Macy's did not investigate or take any corrective action and Mrs. Briggs continued to be subjected to Mr. Reese's conduct. Other employees at Macy's witnessed this conduct, including other superiors. Ultimately, Mrs. Briggs was fired due to alleged violations of the company's policies. She alleges that the justification for her firing was pretext and that she was fired in retaliation due to her complaints against Mr. Reese.

On January 26, 2015, Mrs. Briggs filed charges of sexual harassment, hostile work environment, employment discrimination, and retaliation with the Pennsylvania Human Relations Commission ("PHRC"). She dual filed her charges with the Equal Employment Opportunity Commission ("EEOC"). On February 18, 2016, she received a notice of right to sue from the PHRC. On April 25, 2016, she received a notice of right to sue from the EEOC. Having exhausted administrative remedies, on May 17, 2016, Mrs. Briggs filed a complaint in this court. (Doc. 1).

Mrs. Briggs' complaint contains eight (8) counts against all of the defendants collectively. Counts I through III allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* Count I is a sexual harassment claim. Count II is a hostile work environment claim. Count III is a retaliation claim. These counts are brought on behalf of Mrs. Briggs alone. Counts IV and V allege violations of the Pennsylvania Human Relations Act ("PHRC"), 43 P<span style="font-variant:small-caps">A</span>. S<span style="font-variant:small-caps">TAT</span>. §951 *et seq.,* and are also brought on behalf of Mrs. Briggs alone. Count IV alleges violations of Section 5(a) of the PHRA due to Mrs. Briggs' hostile work environment and the defendants' harassment and discrimination. Count V is a retaliation claim under the PHRA.

Count VI is a civil rights conspiracy claim under 42 U.S.C. §1985(3) brought on behalf of Mrs. Briggs. Count VII is a wrongful termination claim under Pennsylvania common law brought on behalf of Mrs. Briggs . Count VIII is loss of consortium claim under Pennsylvania common law brought on behalf of Mr. Briggs.

In response to the complaint, on July 15, 2016, the defendants filed a motion to compel arbitration. (Doc. 5). The defendants attached various exhibits and declarations from other Macy's employees to their motion. On July 19, 2016, the defendants filed a separate brief in support as required by Local Rule 7.5. (Doc. 8). On August 1, 2016, the plaintiffs filed a brief in

opposition. (Doc. 9). The defendants filed a reply brief on August 15, 2016. (Doc. 12). The defendants' motion is now ripe for review.

The defendants' motion is premised on an agreement that Macy's enters into with all of its employees, including Mrs. Briggs, which includes an agreement to arbitrate unless the employee explicitly opts-out of arbitration within thirty (30) days from the date of hiring. Based on this agreement, the defendants request that the court compel arbitration and dismiss the plaintiff's action. In the alternative, the defendants' request that the court compel arbitration and stay the action until arbitration is completed. The defendants then request that, after arbitration, the court lift the stay and decide the sole count brought on behalf of Mr. Briggs. The defendants concede that the loss of consortium claim is not subject to the arbitration clause. Based on the appropriate standard of review to be applied to the defendants' request, the defendants' motion will be denied at this time in order to allow the plaintiffs to engage in limited discovery.

The initial question of arbitrability—*i.e.*, whether or not the parties validly agreed to arbitrate—is presumed to be a question for the court unless the parties clearly and unmistakably indicate otherwise. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In *Guidotti*, the Third Circuit Court of Appeals clarified the appropriate standard of review to be applied to a motion to compel arbitration filed before the completion of

4

discovery. This clarification was needed due to conflicting precedent using the standard under Federal Rule of Civil Procedure 12(b)(6) applied to motions to dismiss as compared to precedent using the standard under Federal Rule of Civil Procedure 56 applied to motions for summary judgment. *Guidotti*, 716 F.3d at 771. The Third Circuit determined that this conflict was premised on the competing purposes of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.*, governing arbitration versus the values underlying contract interpretation more generally. *Id*. at 773. While the FAA "calls for a summary and speedy resolution of motions or petitions to enforce arbitration clauses," enforcement of the private agreement between the parties is also an important consideration. *Id*. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 29 (1983)). "Accordingly, '[b]efore a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be express, unequivocal agreement to that effect.'" *Id*. at 773 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)) (alteration in original).

The Third Circuit in *Guidotti* held that where the affirmative defense of arbitrability is apparent on the face of the complaint or those documents relied upon in the complaint, the standard under Rule 12(b)(6) should be applied. *Id*. at 773–74. In those cases, the FAA would favor speedy resolution without the delay of discovery. *Id*. "[A] more deliberate pace is required" when either

5

(1) the complaint and documents referenced therein do not establish with "requisite clarity" that the parties agreed to arbitrate or (2) "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound,' even though on the face of the pleadings it appears that it did." *Id*. at 774 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp.2d 474, 479 (E.D. Pa. 2011) and *Par-Knit Mills*, 636 F.2d at 55).

When the issue of arbitrability is not apparent on the fact of the complaint, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id*. (emphasis added). When the issue of arbitrability is apparent on the fact of the complaint but the non-moving party has come forward with evidence to place the question in issue, the motion should be resolved according to the standard provided in Rule 56. *Id*. "Under either of those scenarios, a restricted inquiry into the factual issues will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant *must* be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Id*. (emphasis added) (internal citations and quotations omitted). "After limited discovery, the court may entertain a renewed motion

to compel arbitration, this time judging the motion under a summary judgment standard." *Id*. at 776.[2]

The issue of arbitrability is not apparent on the face of the plaintiffs' complaint or any documents cited within the complaint. The defendants' arguments are entirely premised on documents and declarations attached to the motion to compel arbitration. None of these documents are attached to or referenced in the complaint. The plaintiffs have not conceded to the authenticity of these attached documents. Instead, the plaintiffs contest the applicability and validity of the arbitration clause, including an argument that the arbitration clause is unconscionable under Pennsylvania law. *See id*. at 774 n. 5 (collecting cases and listing various contexts where pre-arbitration discovery has been held necessary, including where the arbitration clause is argued to be unconscionable). The plaintiffs specifically request discovery on these issues. (*See* Doc. 9, at 3). The plaintiffs are "entitled to discovery on the question of arbitrability before [this] court entertains further briefing" on the

---

[2] Several courts within this district have denied motions to compel arbitration and ordered limited discovery where the issue of arbitrability was not apparent on the face of the complaint, properly applying *Guidotti*. *See, e.g.*, *Reaser v. Credit One Financial*, No. 3:15-CV-1765, 2016 WL 245541, at *3 (M.D. Pa. Jan. 21, 2016) (Caputo, J.); *Potts v. Credit One Financial*, No. 3:15-CV-1119, 2016 WL 225678, at *5 (M.D. Pa. Jan. 19, 2016) (Nealon, J.) (allowing sixty (60) day limited discovery on the issue of arbitrability); *Rajput v. Credit One Financial*, No. 1:15-cv-00807, 2015 WL 8012938, at *3 (M.D. Pa. Dec. 12, 2015) (Kane, J.).

issue. *Guidotti,* 716 F.3d at 776 (quoting *Somerset,* 832 F. Supp.2d at 482). As such, the defendants' motion will be denied at this time and the defendants will be granted an opportunity to file a renewed motion after limited discovery is completed.

For the reasons stated above, the defendants' motion to compel arbitration, (Doc. 5), is **DENIED** and the court will order limited discovery on the issue of arbitrability. After such time has passed, the defendants shall file a renewed motion to compel arbitration or, in the alternative, some other dispositive motion or a responsive pleading. If the defendants file a renewed motion to compel arbitration, the court will address the parties' arguments with respect to the validity of the arbitration agreement at that time.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 14, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0902-01.wpd