# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA L. BRIGGS, | : | |
| | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:16-0902 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| MACY'S INC., MACY'S RETAIL HOLDING, INC., and JAY REESE, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is a motion for leave of court to amend its answer to add counterclaims against plaintiff, (Doc. 37), filed by defendant Macy's Retail Holdings, Inc. ("Macy's"). Macy's motion was filed in response to the amended complaint of plaintiff Andrea L. Briggs, (Doc. 27), and Macy's original answer to this pleading, (Doc. 32). Macy's attached its proposed amended answer with counterclaims to its motion. (Doc. 37, Ex. A). Specifically, Macy's seeks the court's permission to amend its answer to add counterclaims against plaintiff asserting fraud, negligent misrepresentation, conversion, and unjust enrichment claims based on plaintiff's alleged misuse of Macy's Money coupons during plaintiff's employment with Macy's and after plaintiff was terminated. Based on the following reasons, Macy's motion will be **GRANTED IN PART**.

## I. BACKGROUND[1]

Plaintiff filed her original complaint on May 17, 2016. (Doc. 1). Plaintiff filed an amended complaint on June 1, 2017.[2] (Doc. 27). Plaintiff's amended complaint contains six counts against all of the defendants. Counts I through III allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* Count I is a sexual discrimination claim. Count II is a sexual harassment hostile work environment claim. Count III is a retaliation claim. Counts IV and V allege violations of the Pennsylvania Human Relations Act ("PHRC"), 43 PA. STAT. §951 *et seq.* Count IV alleges violations of Section 5(a) of the PHRA based on the defendants' harassment and sex discrimination. Count V is a sexual harassment hostile work environment claim under the PHRA. Count VI is a retaliation claim under the PHRA.

In response to the amended complaint, on June 15, 2017, the defendants jointly filed an answer with affirmative defenses. (Doc. 32). The defendants did not assert any counterclaims against plaintiff in their answer, however, they did reserve the right to amend their answer or to raise additional defenses or to supplement their answer "upon revelation of more

---

[1]Since the court stated the background of this case in its February 14, 2017 Memorandum denying the defendants' motion to compel arbitration, (Doc. 15), it does not fully repeat it herein. Rather, the court only states the background relevant to Macy's instant motion.

[2]Robert Briggs was not named as a plaintiff in the amended complaint. As such, he was terminated as a party on the docket.

2

definite facts by the plaintiff in completion of further discovery." (Doc. 32 at 20).

Macy's filed its instant motion for leave of court to amend its answer to add counterclaims against plaintiff on October 13, 2017. (Doc. 37). Macy's motion has been fully briefed.

## II.     MOTION TO AMEND STANDARD

Macy's motion to amend is brought pursuant to the provisions of Fed.R.Civ.P. 15. The filing of an amended pleading is governed by Fed. R. Civ. P. 15(a):

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). This court's Local Rules require that a proposed amended pleading must accompany a motion. *See* Local Rule 15.1(a). The "amended pleading must be retyped or reprinted so that it will be complete in itself." *Id.* Here, Macy's attached a proposed amended answer with its counterclaims against plaintiff to its motion. (Doc. 37, Ex. A).

3

The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486–87 (3d Cir. 1990). Amendment, however, is not automatic. *See* Dover Steel Co., Inc. v. Hartford Accident and Indent., 151 F.R.D. 570, 574 (E.D. Pa.1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); *see also* Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").[3] If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny

---

[3]Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

4

leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990). "The question of undue delay focuses on the reasons why a party did not seek leave to amend sooner." Bigband Networks, Inc. v. Imagine Comm., Inc., 2010 WL 2898286, *1 (D.De. July 20, 2010) (citation omitted). "Delay alone is generally an insufficient reason to deny leave to amend, but if the delay is coupled with either an unwarranted burden on the Court or undue prejudice to the non-moving party, the Court may deny leave to amend.) Id. (citation omitted).

## III.  DISCUSSION

Plaintiff was employed by Macy's at its store located in Wilkes-Barre, Pennsylvania, from February 23, 2009, until she was terminated on August 6, 2014. In its proposed counterclaims, Macy's alleges that "[plaintiff] was terminated for misconduct and policy violations arising from her misuse of Macy's Money coupons." Macy's further alleges that "[p]rior to her termination, Macy's discovered that [plaintiff] and several of her coworkers engaged in a scheme" basically to misuse Macy's Money coupons, in a manner that was not authorized by Macy's, "in order to obtain discounts on merchandise for which they would not otherwise be entitled to receive." Macy's further alleges that following her termination in August 2014, it discovered that "[plaintiff] continued to use, and in some cases re-use, Macy's Money coupons she acquired through unauthorized means, to purchase merchandise at a significantly discounted price or even for no cost at all." Further, Macy's

alleges that after plaintiff's termination, it discovered that plaintiff made "more than 100 transactions using unauthorized Macy's Money coupons which she completed with Macy's sales associates with whom she maintained relationships", and that she "obtained improper price adjustments" by misrepresenting online prices to the stated sales associates. Macy's also alleges that "[plaintiff's] misconduct was ongoing and continuous through at least late November 2016 and, [ ], continued into 2017."

All four of Macy's proposed counterclaims against plaintiff incorporate by reference the above stated allegations.

Macy's contends that "[plaintiff] was terminated for misconduct and policy violations arising from her misuse of Macy's Money coupons", i.e., "a coupon given to employees to enable the employees to purchase merchandise as a discount price." Macy's states that after plaintiff was terminated for improper use of Macy's Money coupons, it conducted an investigation and it discovered that plaintiff continued to misuse Macy's Money coupons she improperly obtained and made numerous purchases with them. Macy's also states that plaintiff's misconduct was ongoing both during her employment and continuing through the early part of 2017, after she filed her instant lawsuit.

Plaintiff argues that Macy's motion to add state law counterclaims against her for fraud, negligent misrepresentation, conversion, and unjust enrichment, (Doc. 37-3 at 21- 31), should be denied based on undue delay and futility. In support of its undue delay contention, plaintiff states that Macy's

alleges in its proposed counterclaims that prior to her termination it discovered that she along with coworkers engaged in a scheme to misuse its coupons, and it was previously aware of her alleged misconduct. As stated, Macy's alleges that plaintiff's misconduct which occurred during her employment was the reason for her termination.

Based on Macy's allegations in its proposed counterclaims and its explanation that it discovered additional underlying facts to support its claims from its ongoing investigation into plaintiff's conduct after she was terminated, and since Macy's motion to amend its pleading was filed within the time period permitted by the court in its scheduling order, (Doc. 31), the court does not find that Macy's instant motion should be denied based on undue delay as plaintiff contends.

Next, plaintiff argues that Macy's counterclaims are barred by the statute of limitations and thus its motion should be denied based on futility.

Under Pennsylvania law, the statute of limitations for actions in negligence, conversion and fraud is two years. *See* Brock v. Thomas, 782 F.Supp.2d 133, 140-41 (E.D.Pa. 2011) (Court held that in Pennsylvania, claims of fraud, conversion, and negligence, "have a two-year limitations period that begins to run on the date of injury.") (citations omitted).

Plaintiff states that since Macy's alleges that her misuse of Macy's Money coupons occurred on and before her termination on August 5, 2014, that its stated counterclaims are time barred rendering its attempt to assert them futile.

7

As discussed below, the court will only allow the portion of Macy's counterclaims alleging plaintiff's misconduct during her employment. Any portions of Macy's counterclaims which are based on facts Macy's discovered after plaintiff's termination will be dismissed. Thus, at this juncture, the court will not dismiss the remaining portions of Macy's counterclaims as futile based on the statute of limitations. The statute of limitations defense is an affirmative defense which the court finds is more appropriate for plaintiff to raise in her response to Macy's counterclaims and to then argue the merits of such a defense in a later summary judgment motion, if appropriate. *See* Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 425 (3d Cir.1999) ("If the complaint's allegations, taken as true, allege facts sufficient to toll the statute of limitations, it must survive a motion to dismiss.").

Finally, plaintiff argues that Macy's proposed counterclaims alleging misuse of its coupons after her termination should be denied as futile since they are not compulsory or permissive since "any alleged misuse of 'Macy's Money' subsequent to [her] termination clearly does not arise out of the transaction or occurrence that is the subject of [her] claims – defendants' sexual harassment of [her], creation of a hostile work environment and retaliation against [her] – all of which occurred during [her] employment and at the time of [her] termination." Moreover, plaintiff argues that based on Macy's allegations, her misuse of its coupons which occurred after her termination involved past or present Macy's employees and, thus Macy's

"would be required to add another party over whom the court cannot acquire jurisdiction since there would not be complete diversity of citizenship, if any, and [Macy's] proposed counterclaims are state law claims." As such, plaintiff states that Macy's proposed counterclaims would not be permissive since there is no federal jurisdiction independent of her claims.

The court finds that the portion of Macy's counterclaims which the court will allow are compulsory, and that Macy's is entitled to assert them with its answer. The court in Live Face on the Web, LLC v. Control Group Media Company, Inc., 2016 WL 3476265, *2 (E.D.Pa. June 27, 2016), stated:

> counterclaims are compulsory as they arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and do not require the addition of a party outside of the Court's jurisdiction. Fed.R.Civ.P. 13(a). The Third Circuit generously construes what makes a counterclaim compulsory, and its approach aligns with the Federal Rules' policies for promoting judicial economy. *See* Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389 (3d Cir. 2002). Compulsory counterclaims are ones that "bear a logical relationship to the opposing party's claim." Id. (citation omitted).

"Courts should deny the addition of compulsory counterclaims only when their reasons for doing so are compelling — because 'an omitted compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated.'" Id. (citations omitted). "Moreover, 'the Federal Rules ... accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. (citation omitted). In Transamerica Occidental Life, 292 F.3d 389-90, the Third Circuit explained:

9

> For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim "bears a logical relationship to an opposing party's claim." ... The concept of a "logical relationship" has been viewed liberally to promote judicial economy. Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts." ... Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties.... In short, the objective of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

Moreover, "[i]f a defendant fails to bring a compulsory counterclaim, he is barred from asserting that claim in a future proceeding." Brooks v. Valley Day School, 2015 WL 4770759, *4 (E.D.Pa. Aug. 12, 2015). The court in *Brooks, id.*, stated that "[r]epeatedly, courts have declined to dismiss state law counterclaims in an employment discrimination suit where the counterclaims go to an element of the plaintiff's discrimination suit." (citing Stewart v. Lamar Adver. of Penn LLC, 2004 WL 90078 (E.D.Pa. Jan.14, 2004) (finding that counterclaims of fraud, unjust enrichment, and breach of duty of loyalty against employee for abandoning her position arise out of the same transaction and occurrence as employee's claim for employment discrimination resulting from her alleged termination); Nwoga v. Cmty. Council for Mental Health & Retardation, Inc., 2013 WL 705917, at *10 (E.D.Pa. Feb. 27, 2013) (holding that defendant employer's indemnification counterclaim against employee had a logical relationship to the plaintiff employee's §1981 claim alleging retaliation for racial discrimination complaints); Plebani v. Bucks

Cnty. Rescue Emergency Med. Servs., 2004 WL 2244543, at *3 (E.D.Pa. Sept. 30, 2004) (finding, in a suit alleging employment discrimination, that the employer defendant's counterclaim for on-the-job misconduct was compulsory because it was logically related to the plaintiff's discrimination)).

Here, portions of the counterclaims which Macy's seeks to assert against plaintiff go to show that even if plaintiff meets a prima face case regarding her Title VII sex discrimination and harassment claims, Macy's had a legitimate nondiscriminatory reason for terminating her, i.e., her misuse of Macy's Money coupons. Macy's proposed counterclaims insofar as they allege that plaintiff committed misconduct during her employment with Macy's bear a logical relationship to plaintiff's wrongful termination claims since they contain allegations which are the same reasons why Macy's contends it terminated plaintiff and, thus, are connected to Macy's legitimate nondiscriminatory reason for terminating plaintiff. In fact, since Macy's indicates that it will assert at trial that plaintiff was really terminated for her misuse of Macy's Money coupons and not due to any discriminatory reason, its counterclaims against her alleging the same misconduct lend support for its proffered legitimate nondiscriminatory reason for terminating plaintiff.

As the court in Decker v. Alliant Technologies, LLC, 871 F.Supp.2d 413, 425 (E.D.Pa. 2012), explained:

> If the plaintiff establishes a prima facie case of discrimination, then an inference of discriminatory motive arises and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See* Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998). If the

11

employer does so, then the burden shifts back to the plaintiff to show that the employer's proffered reason is merely pretext for intentional discrimination. Makky, 541 F.3d at 214. The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *See* Williams v. Phila. Housing Auth. Police Dep't, 380 F.3d 751, 759 n. 3 (3d Cir. 2004) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

Since Macy's counterclaims are based, in part, on the same misconduct that Macy's alleges was the reason for plaintiff's termination, they will go toward providing its legitimate, nondiscriminatory reason for plaintiff's termination. *See* Brooks, 2015 WL 4770759, *5 (Court found that defendant's counterclaim that plaintiff breached his employment contract by failing to file required documentation "bears an abundantly logical relationship to plaintiff's discrimination claim" since defendant alleged that plaintiff 's failure to perform "was the very basis for his termination."). The court in *Brooks, id.*, also held that "[p]roof of the counterclaim will involve proof of the same underlying facts necessary for Defendant to establish a legitimate, non-discriminatory reason for Plaintiff's termination", and that "rebuttal of the counterclaim will require the same evidence necessary for Plaintiff to prove that Defendant's asserted non-discriminatory reason was nothing more than pretext." Based on the rational explained by the court in *Brooks*, the court finds that Macy's counterclaims, to the extent they allege that plaintiff committed misconduct during her employment with Macy's, are compulsory.[4] Also, the court finds

---

[4]As Macy's notes, the court can exercise its supplemental jurisdiction over its state law counterclaims pursuant to 28 U.S.C. §1367(a), since, as

12

nothing to support plaintiff's contention that Macy's counterclaims would require the addition of a party outside of the court's jurisdiction.

However, as the court in *Brooks* held, any portion of Macy's counterclaims alleging that plaintiff continued to misuse Macy's Coupon Money after her termination will be dismissed since Macy's indicates that it did not discover the facts underlying these allegations until after plaintiff was terminated. "As such, [Macy's] would not be able to argue that th[ese] allegation[s] [were] [ ] the reasons Plaintiff was terminated." Id. Further, proof of these allegations regarding plaintiff's misconduct after her termination "will require inquiry into facts that are completely unrelated to whether plaintiff was terminated as a result of [discrimination] or for reasons related to [her alleged misconduct]." Id.

Thus, the portions of Macy's four counterclaims alleging misconduct of the plaintiff that occurred during her employment are compulsory and will not be dismissed. The portions of Macy's counterclaims alleging misconduct of plaintiff that occurred after her termination will be dismissed.

---

explained above, they are related to plaintiff's federal claims.

## IV. CONCLUSION

For the reasons stated above, Macy's motion for leave of court to amend its answer to add counterclaims against plaintiff, (Doc. 37), is **GRANTED IN PART**, as specified above. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATED: September 28, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0902-03.wpd